IN THE TAX COURT OF THE
STATE OF OREGON

John G. EYLER
and Cascade Square Associates
*v.*

DEPARTMENT OF REVENUE
(TC 3822)

W. Scott Phinney, Attorney at Law, Lake Oswego, represented plaintiffs (taxpayers).

Rochelle Nedeau, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

Decision for defendant rendered March 7, 1997.

**CARL N. BYERS, Judge.**

Taxpayers appeal from a Department of Revenue order which denied review under the department's supervisory powers for tax years 1991 and 1992. Taxpayers claim the department abused its discretion by failing to find that the

parties agreed to facts which indicate it is likely an error exists on the tax rolls. The matter was submitted to the court on taxpayers' Motion for Summary Judgment. The court has considered the written and oral arguments of the parties.

## FACTS

The subject property is located in Beaverton and consists of a six-story office building and a three-level parking garage. A street separates the parking structure from the office building. Based on an appraisal prepared in 1991, the Washington County Department of Assessment and Taxation (county) assessed the property at $7,163,000 for the 1991-92, 1992-93, and 1993-94 tax years. Taxpayers timely appealed the 1993-94 tax year and requested the department to exercise its supervisory power to review the 1991-92 and 1992-93 tax years. The department held one hearing for all years, thus combining a supervisory hearing and a merits hearing. Taxpayers claim that during this hearing, on cross examination the county appraiser agreed to facts indicating it is likely that an error exists on the tax rolls for the 1991-92 and 1992-93 tax years.

## ISSUE

Did the department abuse its discretion in failing to find the parties agreed to facts that indicate it is likely an error exists on the tax rolls?

## ANALYSIS

■    The legislature has granted the department "general supervision and control over the system of property taxation throughout the state." ORS 306.115(1).[1] ORS 306.115(3) allows the department to go back two years and correct errors on the tax rolls in certain circumstances. It provides:

"The department may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax

[1] All references to the Oregon Revised Statutes are to 1993.

year if for the year to which the change or correction is applicable:

"* * * * *

"(b) The department discovers other reason to correct the roll which, in its discretion, it deems necessary to conform the roll to applicable law without regard to any failure to exercise a right of appeal."

Pursuant to its rule-making authority, the department promulgated rules specifying when it would exercise its discretion. OAR 150-306.115(3)(b) provides:

"The department will confirm or correct the roll under ORS 306.115(3) when it finds that the facts require such an action after considering the substantive issue in an appeal.

"(A) The substantive issue in an appeal will be considered under ORS 306.115(3)(b) when:

"* * * * *

"(ii) the parties to the appeal agree to facts which indicate it is likely that an error exists on the roll."

■ The department's decision under ORS 306.115 is discretionary in nature. *Resolution Trust Corp. v. Dept. of Rev.*, 13 OTR 276, 278 (1995). In reviewing discretionary decisions, the court is "limited to determining whether the agency acted 'capriciously or arrived at a conclusion which was clearly wrong.' " *Id.* at 279 (quoting *Martin Bros. v. Tax Commission*, 252 Or 331, 449 P2d 430 (1969)).

■ Taxpayers contend that, during the hearing, the county's appraiser agreed to facts indicating it is likely an error exists on the rolls. The areas of the alleged agreements cover various perceived mistakes in the county's appraisal including: vacancy percentages, market rent, cost considerations, and square footage. The court has reviewed the testimony of the parties at the department hearing. Although there are suggestions and inferences that the county may have erred in its appraisal, the court is unable to conclude that the parties actually agreed to facts. Many of the county appraiser's comments were preceded with "probably" and "it looks like." The department apparently determined that such inferences and innuendos did not constitute an agreement as

to the critical facts. After reading the transcript of the hearing, the court agrees. Consequently, the court finds that the department did not abuse its discretion in failing to find the parties agreed to facts indicating that it is likely an error exists on the tax rolls. Now, therefore,

IT IS ORDERED that taxpayers' Motion for Summary Judgment is denied and

IT IS FURTHER ORDERED that judgment shall be entered in accordance with the above decision. Costs to neither party.