DECISION
Plaintiffs appeal Defendant's Notice of Refund Denial, dated September 10, 2009, for Oregon income tax year 2005. A trial was held in the Oregon Tax Court courtroom, Salem, Oregon, on June 21, 2010. Greg Ripke (Ripke), Certified Public Accountant, appeared on behalf of Plaintiffs. Sharon L. Chauran (Chauran), Ripke's Office Manager and wife, testified on behalf of Plaintiffs. Faith Derickson (Derickson), Auditor, appeared and testified on behalf of Defendant.
Plaintiffs' Exhibits 1-14 and Defendant's Exhibits A-M were offered and received without objection.
 I. PRELIMINARY MATTERS
Plaintiffs filed motions for summary judgment and attorney fees on June 1, 2010. Defendant responded on June 7, 2010, requesting to proceed with the June 21, 2010, trial.
 II. STATEMENT OF FACTS
Ripke completed Plaintiffs' 2005 joint federal and state income tax returns on December 2, 2008, and mailed them to Plaintiffs' address in Port Orford, Oregon. (Aff of Ripke at 1.) Despite numerous attempts, Ripke was unsuccessful in contacting Plaintiffs until early *Page 2 
April, 2009. At that time, Ripke learned that Plaintiffs were in Portland, Oregon where Plaintiff Carol A. Sutton (Sutton) was hospitalized with a terminal illness. (Id.) Ripke also learned that Plaintiffs had not filed their 2005 state and federal income tax returns. (Id.) Due to the closeness of the filing deadline, Ripke volunteered to mail Plaintiffs' returns and received from Plaintiffs a power of attorney to sign the returns. (Id.)
Defendant received Plaintiffs' 2005 Oregon income tax return (2005 Oregon return) and refund request on April 27, 2009. (Def s Ex C.) Plaintiffs received Defendant's Notice of Proposed Refund Adjustment, dated June 4, 2009, denying their 2005 Oregon income tax refund. (Ptfs' Ex 7.) Defendant supports its denial citing its Policy and Administrative Procedure. Defendant's Policy and Administrative Procedure explains that Defendant's Mail Processing Unit receives sorted mail in trays labeled with the date the mail was received by the United States Post Office. (Def s Ex A.) Derickson testified that according to its procedure, Defendant's Mail Processing Unit opened Plaintiffs' 2005 Oregon return, stamped the received date (April 27, 2009) on the return, and discarded the mailing envelope. Because April 27, 2009, is ten days past the three year statutory deadline, Plaintiffs' 2005 refund claim was denied.
Plaintiffs appealed Defendant's refund denial, alleging in written correspondence on August 4, 2009, September 1, 2009, and September 9, 2009 that the 2005 Oregon return was mailed on April 15, 2009. (Aff of Ripke at 2.) As proof of the alleged mailing date, Plaintiffs offered a declaration of mailing stating that Ripke mailed the 2005 Oregon return on April 15, 2009, and a letter from the Internal Revenue Service (IRS) showing receipt of Plaintiffs' 2005 federal return on April 15, 2009. (Ptfs' Compl at 7.) *Page 3 
Plaintiffs also requested a copy of the mailing envelope from Defendant. (Id. at 5.) On appeal, Defendant explained numerous times that mailing envelopes are discarded and asked Plaintiffs to submit their own evidence of the alleged mailing date. (Id. at 3.)
Derickson testified that Defendant considered (1) Plaintiffs' history of late filing; (2) Ripke's declaration of mailing; (3) the time between the alleged mailing date and the date Defendant received the 2005 Oregon return; and (4) the letter from the IRS discussing its review of Plaintiffs' 2005 federal income tax return appeal. (Def s Status Report, Mar 3, 2010.) Defendant denied Plaintiffs' appeal due to lack of satisfactory evidence. (Id.) Plaintiffs filed a timely appeal on September 16, 2010. (Ptfs' Compl at 1.)
After the initial court proceeding on January 21, 2010, Ripke's declaration of mailing was replaced with Chauran's declaration of mailing. Chauran's declaration of mailing states that on April 15, 2009, she deposited Plaintiffs' 2005 Oregon return in a "sealed envelope, with postage prepaid, in the United States Post Office at Veneta, Oregon, addressed to the Oregon Department of Revenue, P.O. Box 14710, Salem, OR 97309-0460." (Ptfs' Ex 3.)
Plaintiffs also provided the court with an explanation of Chauran and Ripke's office mailing procedure. (Aff of Ripke at 2.) Chauran testified that Ripke instructs her to mail documents by giving her returns affixed with a yellow post-it note stating "mail today" or "mail [date]." Chauran testified that when she "prints the documents and gets them ready to go," she adds an `ed' to the end of `mail' on the original yellow post-it note. Chauran testified that she then puts the originals in her mail slot, describing it as a "plastic thing that has slots where ready to mail goes," and gives the copies to Ripke for the client's file. When she is ready to go to the post office, Chauran testified that "she takes all of the documents out of the mail slot and goes *Page 4 
[to the post office]." Chauran testified that this procedure was followed with Plaintiffs' 2005 Oregon return on April 15, 2009.
Even though Plaintiffs' returns were not sent by certified mail, Chauran testified that Ripke's office "does send some certified mail," but that it is not something they always do, and that "the date" is usually the criteria used in determining whether certified mail will be used. Chauran offered no explanation as to why Plaintiffs' 2005 Oregon return, due April 17, 2009, was not sent by certified mail on April 15, 2009.
Plaintiffs contend that Defendant abused its discretion in relying on the date its employee stamped on the 2005 Oregon return to deny Plaintiffs' refund claim. Plaintiffs further contend that Defendant abused its discretion in not allowing Plaintiffs' extrinsic evidence to show a mailing date on or before April 17, 2009. (Ptfs' Mot for Summ J at 1).
Derickson testified that Defendant allowed all extrinsic evidence provided by Plaintiffs, carefully reviewed it in accordance with ORS 305.820, and that she does not believe Defendant abused its discretion in determining that Plaintiffs' 2005 Oregon return and refund claim were not timely filed. (Def s Status Report, Mar 3, 2010.)
 III. ANALYSIS
Plaintiffs' 2005 Oregon return was due on or before April 17, 2006.[1] IRC § 6072(a)[2] (requiring returns for calendar year taxpayers to be "filed on or before the 15th day of April following the close of the calendar year" for which the return is due); ORS 314.385[3] (requiring the Oregon return to be filed "on or before the due date of the corresponding federal return"); *Page 5 
and ORS 305.820(2) (extending the filing deadline for any writing or remittance to be filed on a Saturday to include the next business day.) Plaintiffs' 2005 Oregon state income tax return was not filed by Defendant until April 2009.[4]
ORS 314.415(2)(a) prevents Defendant from making a refund when an original return is not filed within three years of the original due date.[5] Plaintiffs' allege that their 2005 Oregon return was mailed on April 15, 2009. Defendant did not receive Plaintiffs' 2005 Oregon return until April 27, 2009.[6] Defendant denied Plaintiffs' 2005 refund request because their 2005 Oregon return was not received by Defendant within three years of its original filing deadline.
Oregon law provides for transmissions received after filing deadlines. ORS 305.820 provides, in relevant part:
 "(1) Any writing or remittance required by law to be filed with or made to the Department of Revenue * * * which is:
 (a) Transmitted through the United States mail * * * shall be deemed filed or received on the date shown by the cancellation mark or other record of transmittal, or on the date it was mailed or deposited if proof satisfactory to the addressee establishes that the actual mailing or deposit occurred on an earlier date."
(Emphasis added.) This statute gives Defendant, as addressee, the authority to determine whether Plaintiffs' 2005 Oregon return was mailed on or before April 17, 2009, based on their satisfaction with Plaintiffs' proof. Id.; See generally Jackson County TaxCollector v. Dept. of Rev., 12 OTR 498, 500 (1993) (stating that the legislature conferred broad *Page 6 
discretion upon individual tax collectors to determine mailing date when it used the language "satisfactory to the addressee.")
Defendant adopted Oregon Administrative Rule (OAR) 150-305.820 to provide guidance and clarify the meaning of satisfactory proof.[7]
When a transmission, bearing either a legible or illegible postmark, is received after it normally should have been, had it been mailed through the United States Postal Service, the sender must present proof satisfactory to the department that it was placed in the mail before the due date. OAR 150-305.820(2). OAR 150-305.820(2) provides, in relevant part:
 "(a) Satisfactory proof will consist of one or more of the following:
 (A) If sent by United States registered mail, the date of registration shall be treated as the postmark date.
 (B) If sent by United States certified mail and the sender's receipt is postmarked by a postal employee, the date of the United States postmark on such receipt shall be treated as the postmark date of the writing or remittance.
 * * * * *
 (D) If the writing or remittance bears a postmark date that is not legible or bears a postmark dated later than the due date, it will be treated has having been mailed on or before the due date provided the person who is required to file the writing or remittance establishes by sworn affidavit that it was actually deposited on or before the due date * * * before the last collection of mail for the place in which it was deposited."
While one or more of the examples listed in OAR 150-305.820(2)(a) must be present for Defendant to find satisfactory proof of an alleged mailing date, the presence of any one of the examples does not require Defendant to find satisfactory proof of mailing.[8]See Jackson County *Page 7 Tax Collector v. Dept. of Rev., 12 OTR 498, 500 (1993) (holding department's requirement of some corroborative evidence was not an abuse of discretion.)
Defendant argues that OAR 150-305.820(2)(a) is not applicable to the facts of this case because there is no envelope and thus no postmark. If the rule does not apply, Defendant is not required to review the sufficiency of Plaintiffs' indirect evidence despite the fact that "indirect proof of timely postmark has long been accepted" in cases where the envelope was lost or destroyed.Lewis v. United States,942 F Supp 1290, 1293 (ED Cal 1996) (citations omitted). Additionally, OAR 150-305.820(2)(a) requires Defendant to review indirect evidence when the postmark is illegible and registered or certified mail was not used. OAR 150-305.820(2)(a)(D). Defendant's policy is to disregard envelopes. Without the envelope, evidence of an illegible postmark would not be available to distinguish situations in which indirect evidence would be considered from those in which it would not. Therefore, when it is Defendant's policy to discard envelopes and rely on the receipt date stamped on the actual return, the court is not persuaded that no postmark is significantly different than an illegible postmark. Even though Defendant alleges that OAR 150-305.820(2)(a) is not applicable, Defendant considered Plaintiffs' indirect evidence.[9]
On appeal to Defendant, Plaintiffs alleged that Ripke's office mailed their original 2005 Oregon return on April 15, 2009, which is within the three year filing period required to receive *Page 8 
a refund. Plaintiffs have no official record of the mailing from the United States Post Office or other contemporaneous mailing log. Plaintiffs did provide an affidavit of mailing conforming to the requirements of OAR 150-305.820(2)(a)(D).[10] In determining that Plaintiffs' 2005 Oregon return was untimely, Defendant reviewed (1) Ripke's declaration of mailing; (2) Plaintiffs' history of untimely income tax return filing; and (3) the letter from the IRS stating an April 15, 2009, receipt date of Plaintiffs' federal income tax return. Defendant also considered conversations between Derickson and Ripke as to the sequence of events prior to Defendant's receipt of Plaintiffs' 2005 Oregon return and Ripke's office mailing procedure. After considering all evidence provided, Defendant did not find Ripke's declaration of mailing to be satisfactory proof of the alleged mailing date, and denied Plaintiffs' 2005 refund request.
The court reviews Defendant's decision for abuse of discretion.Jackson County Tax Collector v. Dept. of Rev.,12 OTR 498, 500 (1993). Defendant abuses its discretion if it acts "capriciously" or arrives at a "conclusion which was clearly wrong."Eyler v. Dept. of Rev. (Eyler),14 OTR 160, 162 (1997) (citations omitted). Further, an agency abuses its discretion when it, "does not act upon the facts presented to it or fails to obtain the factual data necessary for a proper result."Rogue River Pack. v. Dept. of Rev., 6 OTR 293, 301 (1976).
In its review, the court is not to substitute its own judgment for that of Defendant and must limit its review to the evidence presented to the department. Resolution Trust Corp. v. Dept ofRev., 13 OTR 276, 279 (1995). The court does not review this matter to determine whether it concludes that Plaintiffs' 2005 Oregon income tax return and refund request were mailed on April 15, 2009. The court reviews Defendant's decision only to determine whether it acted "capriciously" or arrived at a conclusion which was "clearly wrong." Eyler, 14 OTR at 162. *Page 9 
Defendant's representative testified that Defendant considered all evidence presented to it by Ripke. Among the evidence considered was Ripke's declaration of mailing that Defendant determined was unsatisfactory proof of the alleged mailing date. It considered the letter from the IRS which is not included among the examples of satisfactory proof within OAR 150-305.820(2). The letter provides circumstantial evidence of Plaintiffs' alleged mailing date and does not preclude Defendant from reasonably concluding that Plaintiffs' 2005 Oregon return was mailed at a different time than Plaintiffs' 2005 federal income tax return. See Wright v. Dept of Rev.,19 OTR 29 (2006) (holding that circumstantial evidence of timeliness does not preclude the Department from reasonably concluding a document was not timely filed). Additionally, Ripke's mailing instructions to Chauran were reviewed. Defendant concluded that Ripke's informal documentation does not necessarily create a reliable and irrefutable proof of mailing. Based on the evidence available to Defendant at the time it made its decision, the court does not conclude that Defendant abused its discretion in deciding that Plaintiffs' 2005 Oregon return was not mailed prior to April 17, 2009.
 IV. CONCLUSION
After careful review of the evidence submitted by both parties, the court concludes that Defendant did not abuse its discretion when in concluded that Plaintiffs' 2005 Oregon return and refund request were filed more than three years after the original due date.
Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied; and *Page 10 
IT IS THE DECISION OF THIS COURT that Plaintiffs' Motion for Summary Judgment and Recovery of Costs and Fees is denied.
Dated this ____ day of September 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A.Tanner on September 8, 2010. The Court filed and entered thisdocument on September 8, 2010.
[1] April 15, 2006, was a Saturday; therefore, Plaintiffs' 2005 Oregon state income tax return filing deadline was Monday, April 17, 2006. ORS 305.820(2).
[2] All references to the Internal Revenue Code (IRC) are to the 1954 code, as amended and current through December 2005.
[3] All references to the Oregon Revised Statutes (ORS) are to 2007.
[4] Beginning with their 1997 Oregon state income tax return, Plaintiffs have a history of filing returns after the original due date. (Def's Ex B.)
[5] The department may refund amounts paid within two years of the filing of the return, however, there is no evidence in this case that Plaintiff made any tax payments for year 2005 within the two years preceding April 27, 2009. See
ORS 314.415(2)(a) (providing that the department "may allow or make a refund * * * of amounts paid within two years from the date of the filing of the claim for the refund.")
[6] April 27, 2009, is three years and 10 days after the original filing deadline.
[7] All references to the Oregon Administrative Rules (OAR) are to 2009.
[8] Defendant's promulgated a rule, OAR 150-305.820(2)(b), that provides for situations in which the department has no record of receiving a return. Even though both parties addressed the rule, OAR 150-305.820(2)(b) is not applicable to the facts of this case because both parties agree that Defendant received Plaintiffs return.
[9] Defendant also asserts that Ripke, as a professional, should have mailed Plaintiffs' 2005 Oregon return by certified mail if it was in fact mailed on April 15, 2009, as alleged. In support of its contention, Defendant references OAR 150-305.820(3) which provides that:
 "(3) If the person required to file the document has reason to believe the mailing of the writing or remittance is so close to the deadline that it could possibly fail to meet the requirements of timely filing the writing or remittance should be mailed by registered or certified mail so that the sender will be able to obtain an official receipt in verification of the date the document was mailed."
A mailing receipt would have provided direct evidence of the alleged mailing date. Plaintiffs' 2005 Oregon return was not sent by certified or registered mail. A lack of certification or registration is not dispositive. Defendant's administrative rule states that Plaintiffs can still establish satisfactory proof of mailing through other means.
[10] Plaintiffs retracted Ripke's declaration of mailing and substituted Chauran's declaration of mailing. At trial Chauran testified that she mailed Plaintiffs' 2005 Oregon return with Plaintiffs' 2005 federal income tax return.