## IN THE OREGON TAX COURT

JACKSON COUNTY TAX COLLECTOR
*v.*
DEPARTMENT OF REVENUE
(TC 3401)

Georgia L. Daniels, Office of the County Counsel, Jackson County, Medford, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Summary Judgment for plaintiff granted August 24, 1993.

### CARL N. BYERS, Judge.

This matter is before the court on plaintiff's Motion for Summary Judgment.

## FACTS

A taxpayer claimed to have deposited her property tax payment in a United States postal deposit box at about 7:30 a.m. on November 15, 1991. However, the envelope was not postmarked until November 18, 1991. Because the envelope containing the payment was postmarked after November 15, 1991, plaintiff did not allow the three percent timely

payment discount and notified the taxpayer that an additional $74.32 was owed. The taxpayer appealed to defendant. After a hearing, defendant found her testimony credible and held she was entitled to the three percent discount. Plaintiff appealed that decision to this court.

## LAW

Plaintiff's Motion for Summary Judgment asserts defendant erred as a matter of law. ORS 305.820(1)(a) provides that any remittance sent through the United States mail:

"[S]hall be deemed filed or received on the date shown by the post-office cancellation mark stamped upon the envelope containing it, or on the date it was mailed if proof *satisfactory to the addressee* establishes that the actual mailing occurred on an earlier date." (Emphasis added.)

Plaintiff's position is as follows: As the "addressee," the tax collector has discretion to determine what proof is satisfactory. Plaintiff has exercised this discretion by adopting the following policy:

"Postmark dates are the preferred proof of mailing. Postmark dates are conclusive unless the taxpayer is able to support a claim of earlier mailing with corroborating evidence. Taxpayer may support a claim of timely mailing by presenting a postal receipt, letter from the post office or parcel delivery service, or other credible corroborating evidence. A taxpayer's uncorroborated assertion of timely mailing is not satisfactory proof of mailing."

Plaintiff contends that by accepting the taxpayer's uncorroborated assertion of timely mailing, defendant is overruling plaintiff's policy and depriving plaintiff of the discretion conferred upon that office by statute.

## ISSUE

At oral argument, the parties agreed that the tax collector's exercise of discretion is subject to review by defendant. The issue is what standard of review is to be applied. Defendant contends that it is entitled to exercise "*de novo*" review. Defendant has supervisory authority over the administration of the tax laws (ORS 306.115) and directly reviews appeals from acts or conduct of tax collectors.

Plaintiff contends that defendant's review is restricted to an "abuse of discretion" standard. Plaintiff points out that the statute specifically delegates authority to determine what proof is satisfactory to "the addressee." For defendant to exercise *de novo* review would be to change the essential directive of the statute.

## DISCUSSION

■    The court finds it is consistent for defendant's supervisory authority to be limited to an "abuse of discretion" standard of review. In using the terms "satisfactory to the addressee," the legislature conferred broad discretion upon individual tax collectors. The legislature must have contemplated that individual tax collectors would implement the statute in different ways. Thus, there is no basis for inferring a need for uniformity. If the legislature wanted uniformity, it could have delegated authority to defendant to promulgate a rule. It is possible to infer that the legislature recognized mistakes occur in the mail system. The legislature may have felt that individual tax collectors would be familiar with their local postal systems, their practices, strengths and failings. For example, the tax collector in a rural area may be aware of weather conditions, illnesses or breakdowns in vehicles which could delay postmarking mail.[1] In making the delegation, the legislature has authorized those who deal with the problems on a day-to-day basis at the local level to make case-by-case decisions.

■    The court finds it is not unreasonable for the plaintiff to require corroborating evidence. The policy, as stated, does not require written proof. The corroborating evidence could be the testimony of an individual who witnessed the mailing or of a postal employee who explains why the mail was not postmarked in a timely fashion. Requiring some corroborating evidence is not an abuse of discretion. It would be an abuse of discretion if plaintiff refused to consider any evidence other than the post-office cancellation mark stamped upon the envelope. Such a policy would foreclose the exercise of any discretion.

---

[1] This is not intended to impugn the postal service's hard-established reputation that "neither snow, nor rain, nor heat, nor night, stays these couriers from the swift completion of their appointed rounds."

The court finds defendant erred in overruling plaintiff's determination that the taxpayer did not offer satisfactory proof of timely mailing. Accordingly, defendant's opinion and order must be set aside and plaintiff's Motion for Summary Judgment should be granted. Now therefore,

IT IS ORDERED that plaintiff's Motion for Summary Judgment is granted.