DECISION
Plaintiff appeals Defendant's denial of an application for a Senior Citizens' Property Tax Deferral for the 2008-09 tax year. The real property involved is identified as Account R62848.
A trial was convened on October 21, 2008. Wauneta Marie Gilpin testified on her own behalf. Paul Meyer, County Counsel, represented Defendant Douglas County Assessor; testifying as witnesses were Diana Hinrichs, assessment clerk, and Ron Northcraft, Assessor. Dennis Maurer was present for Defendant-Intervenor Department of Revenue.
 I. STATEMENT OF FACTS
Plaintiff testified she was aware of the importance of timely mailing the Senoir Citizens deferral paperwork and that the deadline was April 15, 2008. She completed the application earlier that week and set it aside for mailing.
Plaintiff intended to timely place it in a receptacle for the United States Postal Service (USPS). Sufficient postage was attached; it was correctly addressed. The application was dated April 10, 2008; it was postmarked in Eugene on April 30, 2008. The parties agree it was received *Page 2 
in Defendant's offices on May 1, 2008. The application was denied as untimely because it was submitted after April 15, 2008.
At trial, Plaintiff testified in a candid and straight forward manner. She stated she drove to the Sutherlin USPS on April 12, 2008. She took the application into the lobby and placed it in a U.S. mail receptacle. Because that was a Saturday, the front counter was closed, and she was unable to receive a hand cancellation on the envelope.
Defendant's representative testified that the initial key information they considered was the official postmark on the envelope. Later, in the course of this appeal, Defendant considered earlier remarks made by Plaintiff and the sworn testimony provided at trial. The Assessor wrote Plaintiff on August 18, 2008, stating: "I am willing to consider any independent corroborating evidence that you would like to submit to me in support of your April 12 mailing date." (Def's Ltr, Aug 18, 2008.) She then provided a copy of a weekly planner calendar that contained the April 12 notation: "mailed — property tax Deferral Application."
At the close of trial, Defendant renewed its request that its initial denial be upheld.
 II. ANALYSIS
A claim for the deferral of property taxes must be filed with the county assessor after January 1 and on or before April 15. ORS311.668(1)(a).[1]
When a payment is mailed through the United States mail, the cancellation mark on the envelope is generally considered the date the payment is received. ORS 305.820(1)(a). When a cancellation mark is after the due date, but the taxpayer contends he or she actually mailed the *Page 3 
document on or before the due date, the taxpayer must establish that he or she, in fact, mailed the document on the earlier date. ORS305.820(1)(a) states:
 "(1) Any writing or remittance required by law to be filed with or made to the * * * county * * * tax collector (designated in this section as the `addressee') which is:
 "(a) Transmitted through the United States mail * * * shall be deemed filed or received on the date shown by the cancellation mark * * * or on the date it was mailed or deposited if proof satisfactory to the addressee establishes that the actual mailing or deposit occurred on an earlier date." (Emphases added.)
The legislature recognized that circumstances may exist where actual mailing occurs on a date prior to the date shown by the cancellation mark. To use an earlier date as the date of mailing, the taxpayer must submit "proof satisfactory to the addressee" that the taxpayer mailed the remittance earlier. Id. The county is the "addressee" in this case; therefore, it has the initial statutory authority to determine whether Plaintiff has sufficiently demonstrated she actually mailed the application on April 12, 2008. The county earlier concluded Plaintiff had not made such a demonstration. The court is now in a position of reviewing the county's initial determination.
This court has held that review of the county's determination under ORS 305.820(1)(a) is limited to whether the county abused itsdiscretion. Jackson County Tax Collector v. Dept. of Rev., 12 OTR 498,500 (1993). As a consequence, this court is not now evaluating denovo (or "anew") whether Plaintiff has submitted satisfactory evidence that she timely mailed the application.
In Jackson County Tax Collector, the court considered facts similar to those presented here. In that case, the taxpayer claimed to have deposited her tax payment in the U.S. postal deposit box on the morning of November 15, 1991. When the county received the payment, the envelope contained a cancellation mark of November 18, 1991. The taxpayer had no independent corroborating evidence to support her assertion she mailed the payment *Page 4 
November 15. Jackson County had a policy that postmark dates are thepreferred method of proving mailing dates. Its policy allowed taxpayers to demonstrate an earlier mailing date by providing corroborating evidence. The policy stated in part:
 "Taxpayer may support a claim of timely mailing by presenting a postal receipt, letter from the post office or parcel delivery service, or other credible corroborating evidence. A taxpayer's uncorroborated assertion of timely mailing is not satisfactory proof of mailing."
Jackson County Tax Collector, 12 OTR at 499.
The court found the county had not abused its discretion in finding taxpayer had failed to demonstrate she mailed the payment on an earlier date. The court concluded:
 "The court finds it is not unreasonable for the [county] to require corroborating evidence. The policy, as stated, does not require written proof. The corroborating evidence could be the testimony of an individual who witnessed the mailing or of a postal employee who explains why the mail was not postmarked in a timely fashion. Requiring some corroborating evidence is not an abuse of discretion. It would be an abuse of discretion if [the county] refused to consider any evidence other than the post-office cancellation mark stamped upon the envelope. Such a policy would foreclose the exercise of any discretion."
Id. at 500 (emphasis added).
Upon review, the county in this case did consider other factors. It made allowances for the submission and review of any proposed information and, indeed, solicited them by way of a letter after this appeal was filed. All of that would allow for corroborating evidence to support a claim of earlier mailing. Here, there is not sufficient corroborating proof that persuaded Defendant, even upon review and further study.
Under the specific facts of this case, the court finds the county did not abuse its discretion in determining that Plaintiff failed to offer satisfactory proof of timely mailing. *Page 5 
 III. CONCLUSION
It is the conclusion of the court that the county did not abuse its discretion in determining Plaintiff failed to prove timely mailing of her 2008-09 application for Senior Citizens' Property Tax Deferral. Now, therefore;
IT IS THE DECISION OF THE COURT that the appeal is denied.
Dated this ___ day of November 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on November5, 2008. The Court filed and entered this document on November 5,2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1