DECISION
Plaintiffs' appeal Defendant's denial of their 2003 Oregon income tax refund request. This matter is before the court on Defendant's requests filed on May 20, 2008, and on September 24, 2008, that its Notice of Refund Denial dated January 22, 2008, "be upheld."
 I. STATEMENT OF FACTS
Plaintiffs' Complaint states that they "sent" their 2003 Amended Oregon State Income Tax Return on the "same day" that they "signed them," which was "April 2, 2007.[1]" Plaintiffs' state that "having no word months later about amended taxes," Dale Banks "came into the Center Street office [of the Oregon Department of Revenue] on July 2, 2007. The lady I spoke with pulled our files and said `yes, they were received, but processing amended files takes longer. It could take as long as September.'" (Ptfs' Compl at 2.) Plaintiffs state that "[s]he pulled out the ones that were filed and mailed before 4-15-2007. The date mailed was 4-2-2007 on the 2003 Amended Return." (Id.) *Page 2 
Dale Banks states that he "went back to the office on 2-13-08 to discuss the problem but they could not find my file and said they would mail me a copy with our signature date. I received it four days later." (Id.) Plaintiffs state that their amended returns for tax years 2004 and 2005 "were filed at the same time along with the 2006 tax return in separate envelopes. An indication of the date stamp on the amended 2004 and 2005 returns for the same type of amendment should be further proof of date received." (Id.)
Plaintiffs state that all of the above statements were made "under penalties of perjury" and "all information is true and accurate." (Id.)
Defendant responded to Plaintiffs' Complaint, stating that Plaintiffs' have not "adequately substantiated" that "their 2003 amended filing was timely." (Def's Answer at 1.) Defendant states that Plaintiffs' 2003 amended income tax return was not received by it "until 07/02/07 (the same date defendant received amended returns for 2004 and 2005 from plaintiff)." (Id.) Defendant states that it "did receive a timely filed 2006 original return on 04/03/07" from Plaintiffs "but not their 2003 through 2005 amended returns." (Id., emphasis in original.) Defendant concludes that "[a]lthough plaintiff claims to have filed close to the amended return outlaw date, they did not send their return by certified or registered mail in order to provide satisfactory proof of timely mailing needed under OAR 150-305.820." (Id.)
Plaintiffs' appeal was discussed at a case management conference held July 17, 2008. At the conclusion of the conference, Plaintiffs' representative, Nolan Geraths (Geraths), Licensed Tax Consultant, was given additional time to research the applicable law and provide evidence of *Page 3 
Plaintiffs' mailing and Defendant's abuse of its discretion. Plaintiffs' response was filed September 16, 2008, stating:
 "No government should develop a policy of not having to look at the postal date on an envelope to determine if it was mailed on time. * * * No government should have the right to assume that if a letter is not certified that it can unilaterly (sic) be assumed that the claim can be denied just because it has been given that power. * * * The date processed is not necessarily the date received I (Nolan Geraths) as a tax consultant have had this same problem in the past with the Oregon Department of Revenue and I have a tendency to believe my clients when they tell me they mailed them before the deadline. It is very possible that a review of the current method is in order."
(Ptfs' Resp at 1.)
Geraths suggests that "to prove abuse" he be permitted to survey the "900 members" of the "Oregon Association of Tax Consultants." (Id.) In the alternative, Geraths suggests that:
 "The other method to use would be to use the advocate group `Americans for Prosperity' * * * I can go on his [State Director Jeff Kropf's] talk show which is operated in the basement of the capital building and solicit the question to the media. Did the state of Oregon refuse a refund to you from an amended return in a year that had a statute of limitation involved. We would have taxpayers that responded to the media state that under penalties of perjury that the following statement is true and accurate according to the best of their knowledge.* * * upon agreement I need up to 90 days to impliment (sic) this plan and if I get 10 letters from the media and 10 from the OATC tax professionals, then the Oregon Department of Revenue would then concede the case to the taxpayers banks."
(Id. at 2.)
Defendant's representative, Morgan Brown (Brown) filed its response to Plaintiffs on September 24, 2008. Brown wrote that Plaintiffs' suggested "methods of proof" do not meet those listed in "OAR 150-305.820(2)(a) and "[n]one of the above satisfactory proofs of a timely amended return filing, satisfactory to the defendant, have been received and so defendant still requests the 1/22/2008 Notice of Refund Denial be upheld." (Def's Ltr, Sept 22, 2008.) *Page 4 
 II. ANALYSIS
Plaintiffs' 2003 Oregon income tax return was due on or before April 15, 2004. ORS 314.385[2] (requiring the Oregon return to be filed "on or before the due date of the corresponding federal return"); IRC § 6072(a)[3] (providing that returns for calendar year taxpayers "shall be filed on or before the 15th day of April following the close of the calendar year" for which the return is due.) Plaintiffs' filed their original 2003 return as of the due date, April 15, 2004.
ORS 314.415(2)(a) precludes Defendant from making or allowing a refund "after three years from the time the return was filed." In order for Plaintiffs to receive a refund for tax year 2003, their amended return had to have been filed not more than "three years from the time the return was filed." ORS 314.415(2)(a). Plaintiffs' amended return was filed with Defendant on July 2, 2007.
Plaintiffs' allege that they mailed their 2003 amended tax return on April 2, 2007. Plaintiffs have no proof of mailing. Plaintiffs allege that they mailed their 2003 amended tax when they mailed their 2004 and 2005 amended returns. Defendant received Plaintiffs' amended returns for tax years 2003, 2004, and 2005 on July 2, 2007. Defendant received Plaintiffs' 2006 income tax return on April 2, 2007. Plaintiffs appear to have confused the mailing dates of their amended returns and their 2006 income tax return. *Page 5 
The law provides for situations where a transmission is lost and never received. ORS 305.820 provides, in relevant part:
 "(1) Any writing or remittance required by law to be filed with or made to the Department of Revenue * * * which is:
 "(a) Transmitted through the United States mail * * * shall be deemed filed or received on the date shown by the cancellation mark or other record of transmittal, or on the date it was mailed or deposited if proof satisfactory to the addressee establishes that the actual mailing or deposit occurred on an earlier date.
 "* * *
 "(c) Lost in transmission through the United States mail * * * shall be deemed filed and received on the date it was mailed or deposited for transmittal if the sender:
 "(A) Can establish by competent evidence satisfactory to the addressee that the writing or remittance was deposited on or before the due date for filing in the United States mail * * * and addressed correctly to the addressee; and
 "(B) Files with the addressee a duplicate of the lost writing or remittance within 30 days after written notification is given by the addressee of its failure to receive such writing or remittance."
(emphasis added.) The statute states that the Department of Revenue, as the "addressee," makes the determination of whether the return was mailed on or before the due date. (Id.) The Department of Revenue is to look for satisfactory proof ("competent evidence satisfactory to the addressee"), and receive a duplicate, or copy, of the lost return. (Id.) Defendant clearly stated the standard of proof is found in its Oregon Administrative Rule (OAR) 150-305.820(2)(a). Plaintiffs' representative suggested alternate standards of proof. Defendant rejects those suggestions, stating that those suggestions do not meet its definition.
The court reviews Defendant's determination under an abuse of discretion standard. See Jackson County Tax Collector v. Dept. ofRev. (Jackson County), 12 OTR 498, 500 (1993). In Jackson County, the court stated that "[i]n using the terms `satisfactory to the addressee,' the legislature conferred broad discretion upon individual tax collectors." (Id.) The court held that *Page 6 
"[r]equiring some corroborative evidence is not an abuse of discretion." In this case, Plaintiffs have presented a sworn statement. Their statement is refuted by Defendant's receipt of Plaintiffs' amended returns approximately 90 days after the date that they allege the returns were deposited in the United States postal system. Defendant concludes that Plaintiffs have failed to present "competent evidence satisfactory to" it. ORS 305.820(1)(c)(A). The court concludes that because the filed amended returns contradict Plaintiffs' memory of events occurring more than 15 months ago, and because Plaintiffs submitted no other corroborative evidence, Defendant did not abuse its "broad discretion" conferred upon it by the legislature in concluding that Plaintiffs return was not mailed prior to April 15, 2007.Jackson County at 500.
 III. CONCLUSION
After careful review of the evidence submitted by the parties, the court concludes that Defendant did not abuse its discretion when it concluded that Plaintiffs' income tax refund request for tax year 2003 was filed more than three years after the date the return was filed and must be denied. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.
Dated this _____ day of November 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jill A. Tanner on November 6,2008.
 The Court filed and entered this document on November 6, 2008.
[1] Plaintiffs' Complaint and Response were both filed using upper case letters only. Other than changing that style to use of upper and lower case letters for readability, the documents are quoted exactly as written.
[2] All references to the Oregon Revised Statutes (ORS) are to 2005.
[3] References to the Internal Revenue Code (IRC) are to the 1954 code, as amended and current through January 2004. *Page 1