DECISION
Plaintiffs have appealed Defendant's May 2, 2008, Notice of Refund Denial concerning tax year 2002. Plaintiffs were represented by James H. Richardson, CPA (Richardson). Defendant was represented by Laurie Fery (Fery), an auditor with the Oregon Department of Revenue (department). Plaintiffs' Complaint was filed August 1, 2008, and Defendant's Answer on August 19, 2008. The "record" closed November 4, 2008, and the matter is ready for decision.[1]
 I. STATEMENT OF FACTS
Plaintiffs' 2002 return was due April 15, 2003. Defendant did not receive Plaintiffs' 2002 return until January 31, 2008, several weeks after Plaintiffs had phoned Defendant to inquire about a notice they received regarding a problem with their 2006 "kicker" refund. It was during that phone conversation that Plaintiffs discovered Defendant had no record of receiving their 2002 return.
The 2002 return reports excess taxes paid in the amount of $2,984. Of that amount, Plaintiffs' return requests a refund check in the amount of $459, and asks that the remaining *Page 2 
amount of $2,525 be applied to their 2003 tax as an estimated tax payment. Plaintiffs attached a letter to the 2002 return Defendant received in January 2008, explaining that the "[p]er our records, the client had picked up his 2002 tax returns on June 24, 2003 and mailed both the Federal and Oregon tax return filings that day from our office." (Ptfs' Ltr, Jan 29, 2008.) The federal transcript Plaintiffs submitted to the court after the two proceedings in the matter shows that their federal 2002 return was received by the Internal Revenue Service (IRS) April 15, 2004, approximately 10 months after it was allegedly mailed, and 12 months after the due date.
Defendant reviewed the 2002 return and issued a Notice of Proposed Refund Adjustment on March 21, 2008, denying the refund because the return was deemed an original return, and the request for refund (filed January 2008) was not filed within the statutory three-year period provided in ORS 314.415.[2] Defendant's notice explains that "the refund cannot be issued or used to pay tax for another year."
In response to Defendant's March 21, 2008, notice, Plaintiffs sent Defendant a letter on April 17, 2008, reiterating that the return was originally timely filed (presumably with a valid federal extension), and requesting the reported refund be issued. The letter goes on to express concern that Defendant did not notify Plaintiffs it had not received their 2002 return, and that there were "payments outstanding on the account," meaning excess payments for which refunds were owing.
On May 2, 2008, Defendant issued to Plaintiffs a Notice of Refund Denial, again stating that the request for refund was filed beyond the three-year period and that Plaintiffs were not entitled either to the issuance of a refund or to have the amount requested used to pay the tax for another year. Neither of Defendant's denials addressed the assertions in Plaintiffs' two letters, *Page 3 
claiming that the 2002 return Defendant received in January 2008 was a copy of the original, timely filed return.
Plaintiffs filed their 2003 return on April 19, 2004. On June 3, 2004, Defendant sent Plaintiffs a Notice of Refund Adjustment to their 2003 tax return, advising them that estimated tax payments in the amount of $2,525 were disallowed because Defendant had no record of receiving such payments. Plaintiffs' 2003 return claimed estimated payments of $36,125, whereas Defendant only had record of receiving $33,600 as an estimated 2003 payment on January 1, 2004. The difference is $2,525 (the amount Plaintiffs requested be applied from their 2002 return to their 2003 tax liability, on the allegedly timely filed 2002 return). Plaintiffs did not contact Defendant in response to the June 2004 notice disallowing the $2,525 estimated payment that Plaintiffs claimed.
Finally, Plaintiffs filed an amended return for tax year 2000 on August 20, 2004, and an amended return for 2001 on August 23, 2004.
Plaintiffs timely appealed Defendant's 2002 refund denial to this court. Defendant, in its Answer, reiterates that the January 2008 filing of the 2002 return (which it deems to be an original, not a copy) precludes issuance of a refund under ORS 314.415, and requests that the court uphold the denial.
 II. ANALYSIS
Defendant determined that Plaintiffs' 2002 return was not filed timely, and denied the claimed refund because the return was not filed within three years of the statutory due date. See ORS 314.415(2)(a) (precluding the department from issuing a refund, or otherwise applying the amount of overpayment as a credit to another year, when the original return is not filed *Page 4 
within three years of the due date, excluding extensions). Plaintiffs allege that the return was timely filed.
ORS 305.820 governs lost returns. The statute provides, in relevant part:
 "(1) Any writing or remittance required by law to be filed with or made to the Department of Revenue * * * which is:
 "(a) Transmitted through the United States mail * * * shall be deemed filed or received on the date shown by the cancellation mark or other record of transmittal, or on the date it was mailed or deposited if proof satisfactory to the addressee establishes that the actual mailing or deposit occurred on an earlier date.
 "* * * * *
 "(c) Lost in transmission through the United States mail * * * shall be deemed filed and received on the date it was mailed or deposited for transmittal if the sender:
 "(A) Can establish by competent evidence satisfactory to the addressee that the writing or remittance was deposited on or before the due date for filing in the United States mail * * * and addressed correctly to the addressee; and
 "(B) Files with the addressee a duplicate of the lost writing or remittance within 30 days after written notification is given by the addressee of its failure to receive such writing or remittance."
(Emphasis added.)
The statute provides for a determination by the Department of Revenue, as the "addressee," as to whether the return was timely filed. (Id.) The department is to look for satisfactory proof (either "proof satisfactory to the addressee," under subsection (1)(a), or "competent evidence satisfactory to the addressee" under subsection (1)(c)(A)), and, under subsection (1)(c), to determine whether it received a duplicate, or copy, of the lost return within 30 days after written notification. An adverse decision by the department can be appealed to this *Page 5 
court, which then reviews for abuse of discretion. See Wright v. Dept.of Rev., 19 OTR 29 (2006) (stating "[t]he department's determination under ORS 305.820(1)(c)(A) as to evidence of loss in the mail is reviewed for abuse of discretion." (citing Egusa v. Dept. of Rev.,13 OTR 1 (1994))); Jackson County Tax Collector v. Dept. of Rev.,12 OTR 498, 500 (1993).
Unfortunately, it does not appear that the department exercised its discretionary authority in this case. The department's March 21, 2008, Notice of Proposed Refund Adjustment does not include any reference to Plaintiffs' claim in their January 29, 2008, letter, which begins with the words "[e]nclosed is a copy of the 2002 tax return for our client, David Heidi Chaff, which we were instructed to send in by one of your representatives." That letter goes on to state that "[p]er our records, the client had picked up his 2002 tax returns on June 24, 2003 and mailed both the Federal and Oregon tax return filings that day from our office." The department's notice simply states that there are limits under Oregon law regarding the time to file, and that "[r]equests for a refund * * * must be filed within three years of the due date of the return."
Moreover, after the department's March 21, 2008, written notice denying Plaintiffs' refund claim, Plaintiffs sent the department a second letter dated April 17, 2008, that included a copy of the department's March 21, 2008, denial notice, a copy of their January 29, 2008, letter, and a reiteration of the claim that the return was originally timely filed in 2003. The department's May 2, 2008, final refund denial notice references receipt of Plaintiffs' written objections, but then simply restates the law on refund limitation requests, along with the department's conclusion that the return Plaintiffs submitted to the department on January 31, 2008, was an untimely "original" return. There is no explanation for the department's conclusion, or analysis of Plaintiffs' assertions in their two letters that the return was merely a copy of a timely filed original. *Page 6 
Because the department did not make a determination under the applicable law and regulations, the court will undertake that task. The applicable statute is set forth above. (ORS 305.820) Subsection (1)(a) of ORS 305.820 is inapplicable because Plaintiffs' 2002 return was never received in the year it was claimed to have been filed (2003). The proper analysis, then, is under ORS 305.820(1)(c), which governs returns lost in transmission. There is also an administrative rule promulgated by the department that is applicable to that analysis.
The department's administrative rule, OAR 150-305.820(2), sets forth factors that are to be considered (by the department) in determining whether a return allegedly lost in transmission will be considered timely. The rule provides in relevant part:
 "(b) If the department has no record of receiving a return, the taxpayer may be able to establish satisfactory proof of timely mailing. Examples of evidence the department will consider include:
 "(A) A history of timely filing returns with the department;
 "(B) Proof of timely filed federal returns;
 "(C) Written documentation from the taxpayer which would indicate that the taxpayer had timely filed. Such documentation may include correspondence to the department about refunds not received, or about checks for payment of tax which remain uncashed."
Plaintiffs, in this case, have a fairly good history of timely filing, although often with an extension. One exception is their 2006 state return, not received by Defendant until January 29, 2008.[3] Plaintiffs contend that there was a problem with their electronically filed return that year. Looking further at the criteria in the department's rule, the evidence shows that Plaintiffs' federal return for 2002 was received by the IRS April 15, 2004, which is one year beyond the due date. Although that return was not timely, a factor relevant under subsection (2)(b)(B) of the department's rule (OAR 150-305.820), it was mailed within the three-year window for *Page 7 
requesting a refund under Oregon law (See ORS 314.415). If Plaintiffs could establish that the state return was mailed at the same time, they would be entitled to their requested refund.
Where Plaintiffs run into trouble is with their conflicting evidence and their failure to inquire about either their 2002 refund of $459, or the department's June 3, 2004, notice adjusting their 2003 return by disallowing Plaintiffs' claimed estimated payments in the amount of $2,525. OAR 150-305.820(2)(b), (C) provides that a taxpayer "may be able to establish satisfactory proof of timely filing" if there is "[w]ritten documentation from the taxpayer which would indicate that the taxpayer had timely filed. Such documentation may include correspondence to the department about refunds not received[.]"
As indicated above, the court also finds the evidence to be conflicting. The January 29, 2008, letter sent by Richardson's office to the department on behalf of Plaintiffs states that "both the Federal and Oregon tax return filings [were mailed] that day from our office." That statement is consistent with the claim in Plaintiffs' Complaint, but conflicts with Richardson's statements at the October 7, 2008, court proceeding, that Plaintiffs picked up the 2002 returns from his office on June 24, 2003, and mailed them from the post office. Additionally, at the October 9, 2008, proceeding, Richardson stated that Mr. Chaff came into his office on June 24, 2003, to pick up the federal and state returns, which he took home to his wife to sign, and then brought back to his office that same day, after which they were mailed from the post office receptacle box outside his office. Although it is possible to reconcile those statements, there are other problems with the evidence.
As Fery notes in her November 3, 2008, memorandum, Richardson submitted copies of three letters his office sent to Plaintiffs dated June 24, 2003, regarding Plaintiffs' amended returns for 2000 and 2001, and their original return for 2002. Those letters instruct Plaintiffs to *Page 8 
sign and date the returns, and mail them to the respective taxing authorities in the envelopes provided as soon as possible. The letters raise at least three questions. First, why would Plaintiff (Mr. Chaff) or both Plaintiffs go to Richardson's office the same day Richardson's office mailed the returns to Plaintiffs? Second, why is it that the IRS did not receive Plaintiffs' federal 2002 return until April 15, 2004, some 10 months after it was allegedly mailed (on June 24, 2003, along with the state return)? Third, if the 2002 federal and Oregon returns were mailed from Richardson's office on June 24, 2003, and the amended returns for the two prior years were already prepared and ready for mailing, why weren't the amended returns also mailed from his office that day? The department did not receive Plaintiffs' amended state returns until August 2004, more than one year after that date.
It appears as though Plaintiffs delayed mailing their 2002 federal return and neglected to mail the state return until after they phoned the department to inquire about their failure to receive their 2006 kicker check in November 2007.[4]
It is true that Plaintiffs timely filed their 2003 return (received by Defendant April 19, 2004) and reported estimated payments equal to the amount Plaintiffs actually paid to Defendant in January 2004 ($33,600), plus the amount Plaintiffs requested be applied as an estimated payment from their 2002 return ($2,525). Although that could suggest that Plaintiffs had, indeed, already filed their 2002 return, it is just as likely that Richardson prepared Plaintiffs' 2002 return, but for reasons unknown to the court (and perhaps Plaintiffs and their representative), Plaintiffs' 2002 Oregon return was never mailed. Again, the failure to receive the $459 refund in 2003, coupled with Plaintiffs' failure to respond to the department's June 3, 2004, refund adjustment notice disallowing estimated payments in the exact amount Plaintiff had *Page 9 
requested be applied to 2003 from their 2002 return ($2,525), weigh against Plaintiffs' assertion that their 2002 Oregon return was timely filed.
ORS 305.427 provides that "[i]n all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof." Plaintiffs, as the party seeking affirmative relief, bear the burden of proof. Id. A "preponderance" of the evidence means "the more convincing or greater weight of evidence." Schaefer v. Dept. of Rev., TC No 4530 at 4 (July 12, 2001) (citing Feves v. Dept. of Revenue, 4 OTR 302 (1971)).
 III. CONCLUSION
On the evidence before it, the court concludes that Plaintiffs have simply failed to establish by a "preponderance" of the evidence that they filed their 2002 Oregon return on June 24, 2003, or at any time within three years of the April 15, 2003, statutory deadline for requesting a refund. Therefore, ORS 314.415 precludes issuance of the requested refund. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' request that the court refund the excess tax payments Plaintiffs made for 2002 is denied.
Dated this day of January 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed. *Page 10 
 This document was signed by Magistrate Dan Robinson on January 16,2009. The Court filed and entered this document on January 16, 2009.
[1] The Magistrate Division of the Oregon Tax Court is not an official court of record. Reference to the term "record" is simply meant to indicate the cut-off date for the receipt by the court of additional information.
[2] All references to the Oregon Revised Statutes (ORS) are to 2007.
[3] January 29, 2008, is the same date the "copy" of Plaintiffs' 2002 return was filed.
[4] Plaintiffs apparently called the department after seeing a story in the news in November 2007 about the mailing of the kicker refund checks that month. *Page 1