IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| PAUL E. SCHYTZ, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 230373N (Control) |
| | ) | |
| v. | ) | |
| | ) | |
| YAMHILL COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| SCHYTZ TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 230374R |
| | ) | |
| v. | ) | |
| | ) | |
| YAMHILL COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiff appeals Defendant's denial of the statutory three percent property tax discount for early payment and the imposition of interest for the 2022-23 tax year. (Compls at 1.) Before addressing those issues, the court resolves two preliminary motions.

First, a preliminary matter of consolidating these cases came before the court on its own motion. Plaintiff filed two separate Complaints on August 10, 2023, for two separate properties identified as Account 63923 in the name of Paul E. Schytz and Account 75947 in the name of the Schytz Trust. The court refers to the two accounts as the "subject properties." Plaintiff Paul E. Schytz signed both Complaint forms and appeared in both cases. Based on common parties, material facts, and legal arguments, the court consolidates the cases.

/ / /

A second preliminary matter came before the court on the Department of Revenue's (department) Motion to Dismiss Department of Revenue, filed on August 23, 2023, requesting to be dismissed as a defendant in this case. The department was initially included in the case because its name was listed on both Complaint forms along with the Yamhill County Assessor. The department informed the court in its motion that "the department is not responsible for the valuation or assessment of the subject propert[ies] for the tax years at issue." (Dept's Mot at 1). Because the department is not responsible for assessing the subject properties, the court grants its motion to be dismissed. For the remainder of this order, "Defendant" will refer to the Yamhill County Assessor only.

The substantive issues presented are reflected in Defendant's motion to dismiss (Motion) incorporated into its Answer, filed September 11, 2023. During the case management conference held on October 4, 2023, the parties agreed to submit the Motion to the court on written briefing. Based on the parties' request for a ruling on written briefing and additional exhibits, the court construes Defendant's Motion as a motion for summary judgment.[1] The matter is now ready for the court's determination.

## I. STATEMENT OF FACTS

Plaintiff paid property tax of $7,681.94 for Account 63923 and $4,981.58 for Account 75947 with two checks, each dated October 27, 2022. (Compls at 7-8.) He mailed them from Sherwood, Oregon, to the Yamhill County Tax Collector's post office box in Portland, Oregon,[2]

---

[1] On a motion to dismiss, the court's review is limited to the pleadings; by contrast, the court may consider the entire case file when ruling on a motion for summary judgment. *See White I. v. Dept. of Rev.*, 19 OTR 47, 49 (2006); *Cruz v. Dept. of Rev.*, TC-MD 180351G, 2019 WL 2616737 at *1 (Or Tax M Div, Jun 25, 2019).

[2] Plaintiff wrote in his Complaint that he mailed his taxes to McMinnville; however, the envelopes containing the tax payments were addressed to the Yamhill County post office box in Portland, Oregon. (Def's Ans at Ex A.)

expecting to receive the statutorily provided three percent discount for paying in full on or before November 15. (*See* Ptf's Resp at 3.) Plaintiff alleges he mailed the checks "at least 10 days to 2 weeks" before the deadline. (*Id.*) The envelopes were postmarked on November 16, 2022, which Plaintiff asserts was the fault of the United States Postal Service (USPS). (Compls at 1.) Plaintiff contacted the Sherwood postmaster regarding the issue but reported that the postmaster "will not say what happens to the mail on a daily basis * * *." (Ptf's Response at 4.)

In notices dated November 23, 2022, Defendant informed Plaintiff that balances of $154.07 for Account 75947 and $237.59 for Account 63923 were due based on the late postmark date of November 16, 2022.[3] (Ptf's Compls at 5.) Defendant asserts that it requested additional evidence of timely mailing from Plaintiff but never received any such evidence or corroboration of an earlier mailing date. (Def's Brief at 3.) Defendant provided an excerpt from its policy manual stating that it "honor[s] the postmark date as the interest date." (Def's Brief, Ex C.) Its written policy on "lost mail" states that it "may honor the original interest date" if taxpayer provides "acceptable proof" of timely mailing, such as "a carbon copy of their check from their checkbook * * *." (*Id.*) Defendant explained that its "lost mail" policy did not apply here because Plaintiff's payments were not lost in the mail. (Def's Brief at 4.)

## II. ANALYSIS

The issues presented are follows: (1) whether Plaintiff's property tax payments were mailed in time to be allowed a discount under ORS 311.505,[4] and, if not, (2) whether interest is due on the unpaid tax.

---

[3] These notices do not include interest, but Plaintiff reports receiving "another statement with the 3 [percent] plus interest * * *." (Ptf's Resp at 3.)

[4] The court's references to the Oregon Revised Statutes (ORS) are to the 2021 edition, unless otherwise indicated.

As the party seeking affirmative relief, Plaintiff bears the burden of proof by a "preponderance of the evidence." ORS 305.427. When reviewing Defendant's motion for summary judgment, the court views the facts in a light most favorable to the non-moving party, which is Plaintiff in this case. *See* Tax Court Rule – Magistrate Division 13 B (allowing the application of Tax Court Rule 47 C to motions for summary judgment).

A.      *Property Tax Payment Deadline and Discount*

ORS 311.505(1)(a) provides, in pertinent part, that "the first one-third" of "all taxes and other charges due from the taxpayer or property, levied or imposed and charged on the latest tax roll, shall be paid * * * on or before November 15[.]" Payment of two-thirds of the tax qualifies for a two percent discount. ORS 311.505(3)(a). Payment of the full amount due on or before November 15 qualifies for a three percent discount. ORS 311.505(3)(b).

ORS 305.820(1)(a) provides guidance for determining the date a payment mailed through the USPS is deemed filed or received:

> "(1) Any writing or remittance required by law to be filed with or made to the Department of Revenue, county board of property tax appeals, county assessor or tax collector (designated in this section as the 'addressee') which is:

> "(a) Transmitted through the United States mail or by private express carrier, shall be deemed filed or received on the date shown by the cancellation mark or other record of transmittal, or on the date it was mailed or deposited if *proof satisfactory to the addressee establishes that the actual mailing or deposit occurred on an earlier date*."

(Emphasis added). Thus, a taxpayer may rely on the date reflected by the cancellation mark or provide satisfactory proof of an earlier mailing date.

There is no dispute here that Plaintiff's property tax payments were postmarked on November 16, 2022. Thus, the question becomes whether Plaintiff provided satisfactory proof of an earlier mailing date – a question decided at the discretion of the addressee, or Defendant in

this case. *Jackson County Tax Collector v. Dept. of Rev.*, 12 OTR 498, 500 (1993) (finding the legislature conferred broad discretion upon individual tax collectors to determine what constitutes satisfactory proof). The court's jurisdiction is limited to whether Defendant abused its discretion. *See Bengiat v. Lane County Assessor,* TC–MD 050673E, 2006 WL 397916 at *1 (Or Tax M Div, Jan 30, 2006). In reviewing abuse of discretion, the court considers whether Defendant "acted capriciously or arrived at a conclusion that was clearly wrong." *Eyler v. Dept. of Rev.*, 14 OTR 160, 162 (1997) (internal quotation marks omitted). The court cannot substitute its judgment for that of Defendant. *Resolution Trust Corp. v. Dept. of Rev.*, 13 OTR 276, 279 (1995).

In *Jackson County Tax Collector*, the county had a policy that allowed taxpayers "to support a claim of earlier mailing with corroborating evidence" and gave examples of such evidence: "a postal receipt letter from the post office or parcel delivery service, or other credible corroborating evidence." 12 OTR at 499 (quoting county policy). The court held that it was "not unreasonable" for the county to require corroborating evidence but cautioned: "It would be an abuse of discretion if [the county] refused to consider any evidence other than the post-office cancellation mark stamped upon the envelope." *Id.*

Following *Jackson*, this court has held that a county did not abuse its discretion when it considered taxpayer's evidence of an earlier mailing date – testimony and a calendar entry – and found it insufficient to overcome the postmark date. *Gilpin v. Douglas County Assessor*, TC-MD 080674B, 2008 WL 4891833 (Or Tax M Div, Nov 5, 2008). Similarly, a taxpayer's memory, unsupported by corroborating evidence, was insufficient to prove the mailing date. *Banks v. Dept. of Rev.*, TC-MD 080499D, 2008 WL 4890230 at *3 (Or Tax M Div, Nov 6, 2008). Even where taxpayer provided certificates of mailing, the county was permitted to rely

on the postmark dates. *O'Neill v. Multnomah County Assessor*, TC-MD 110957D, 2012 WL 851666 (Or Tax M Div, Mar 13, 2012). The court found that taxpayer failed to present evidence that the certificates of mailing pertained to payments on the four delinquent tax accounts, as opposed to payments on one of taxpayer's other accounts. *Id.*

By contrast, taxpayer provided satisfactory proof of mailing where it delivered a metered envelope dated November 11 to a private express carrier on November 11, even though the postmark date was November 18. *Sabroso Co. v. Jackson County Assessor*, TC-MD 060277B, 2007 WL 1068459 (Or Tax M Div, Apr 5, 2007). A county abuses its discretion when it maintains "a rigid postmark date policy" or otherwise fails or refuses to consider "any alternative proof" of the mailing date. *Zupan v. Marion County Assessor*, 040776B, 2004 WL 3118908 (Or Tax M Div, Dec 9, 2004); *see also Rice v. Clatsop County Assessor*, TC-MD 000950F, 2000 WL 33233811 (Or Tax M Div, Nov 21, 2000) (refusal to consider evidence other than postmark was abuse of discretion); *see also Marcotte v. Lane County Assessor*, TC-MD 060519C, 2006 WL 6255084 (Or Tax M Div, Aug 14, 2006) (reviewing evidence *de novo* because county refused to consider evidence other than cancellation mark).

Consistent with ORS 305.820(1)(a), Defendant has a written policy recognizing the postmark as the date of mailing. Defendant failed to present evidence of a written policy for considering other proof of the mailing date but asserted that it requested such proof from Plaintiff and would have considered any proof provided by Plaintiff. The court finds that Defendant's requests for proof of mailing or corroborating evidence are sufficient to demonstrate that Defendant recognized its discretion and used it to consider Plaintiff's evidence.

Here, Plaintiff's evidence of a mailing date earlier than November 16, 2022, consists of the dates written on the two checks (October 27, 2022) and Plaintiff's statement that he mailed

the checks between 10 days and two weeks before November 15, 2022. Plaintiff maintains that the late postmark date is the fault of USPS, but he was unable to secure testimony or a written statement from the Sherwood postmaster to that effect. Defendant found Plaintiff's evidence insufficient because the checks were not lost in the mail and because Plaintiff failed to provide any proof corroborating an earlier mail date than November 16, 2022.

The court finds that Defendant's determination is not capricious or clearly wrong. As the case law demonstrates, counties may reasonably decline to accept proof based on the taxpayer's memory or documents created by the taxpayer, such as Plaintiff's checks. Although the court has no reason to doubt Plaintiff's sincerity, the court cannot substitute its judgment where Defendant has made a reasonable determination within its discretion. Thus, Plaintiff was not entitled to the three percent discount for early payment under ORS 311.505(3)(b).

B.      *Interest On Unpaid Property Tax*

ORS 311.505(2) states in part that "[i]nterest shall begin to accrue, and shall be collected, at the rate of one and one-third percent per month, or fraction of a month, until paid, on any taxes on property * * *." Plaintiff has not alleged that Defendant incorrectly calculated interest under the statute or presented any basis for waiver of interest. *See, e.g.,* ORS 311.565 (allowing damages where tax collector fails to give notice required by statute); *Russell v. Lane County Assessor*, TC-MD 010128C, 2001 WL 455725 at *2 (Or Tax M Div, Apr 18, 2001) (damages under ORS 311.565 may include interest). Thus, the court finds no basis to modify or waive interest.

## III. CONCLUSION

After careful consideration, the court concludes that Defendant did not abuse its discretion in deeming Plaintiff's 2022-23 property tax payment mailed on November 16, 2022.

The court further concludes Plaintiff was not, therefore, eligible for a discount on the 2022-23 property tax payments for the subject properties. Finally, Plaintiff identified no basis to modify or waive accrued interest under ORS 311.505. Now, therefore,

IT IS DECIDED that the cases TC-MD 230373N and 230374R are consolidated, and the Department of Revenue is removed as a defendant. The title of the case is amended as set forth in the caption of this Order.

IT IS FURTHER DECIDED that Defendant's motion for summary judgment is granted; Plaintiff's appeal for the 2022-23 tax year is denied.

Dated this _____ day of February 2024.

_____

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Presiding Magistrate Allison R. Boomer and entered on February 1, 2024.*