IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

TILLAMOOK LODGING LPI,        )
                                       )
        Plaintiff,              )    TC-MD 240529N
                                       )
     v.                            )
                                       )
TILLAMOOK COUNTY ASSESSOR,   )
                                       )
        Defendant.        )    **DECISION**

Plaintiff appeals Defendant's denial of the three percent discount for early payment of property taxes for property identified as Accounts 194373 and 415190 (subject properties) for the 2023-24 tax year. A trial was held remotely on January 23, 2025. Kit ("KC") C. Wilson, President of General Partner, appeared and testified on behalf of Plaintiff. Robert Buckingham, Chief Appraiser, appeared on behalf of Defendant. KaSandra Larson, Chief Deputy Assessor & Tax Collector, testified on behalf of Defendant. Plaintiff did not offer any exhibits, relying instead on materials filed September 17, 2024. Defendant's Exhibits A to D were received without objection.

## I. STATEMENT OF FACTS

Plaintiff claims it is entitled to the discount because the subject properties' tax assessments were "paid on time [and] mailed on time but" evidently "delayed in [the] postal system" for unknown reasons. (Compl at 1; *see also* Ptf's Ltr at 1-3, Sept 17, 2024.)

Defendant disagrees because "Plaintiff's payment was postmarked after the November 15th due date per ORS 305.820(1)(a)." (Ans at 1.) Defendant provided a photograph of the envelope it marked as received from Plaintiff (disputed envelope). (Def's Ex A.) The parties

agree that the postmark on the disputed envelope is dated after November 15, 2023.[1]  (*Id.*; Ans at 1.)

Wilson testified that, on November 14, 2023, Plaintiff issued and "deposited in the mail" the tax payments at issue.  In describing the process for paying property taxes, Wilson testified that he personally issued, signed, and mailed the checks associated with these payments.  On or about December 3, 2023, Plaintiff was informed by Defendant that additional property taxes were owing "due to a late filing."  (Ptf's Ltr at 1, Sept 17, 2024.)

Upon learning from Defendant about the late filing, Wilson testified that he attempted to get something in writing from the post office establishing that they might be responsible for the delay, but his efforts were unsuccessful.  (*See also* Ptf's Ltr at 1-3, Sept 17, 2024.)  Wilson testified that, even though the post office will acknowledge that their system is flawed with "opportunities for lost mail, missed mail, [and] mishandled mail," they will not put anything in writing.  He referenced "a similar issue with the County's Health Department's billing system" and bills sent through the postal service.  (*Id.* at 17.)  Wilson testified that "the county recognizes there's a problem" with the postal service, but remains unwilling to consider other factors, such as a history of timely payments.  (*See also id.* at 3.)

Larson testified that on November 30, 2023, Defendant received one envelope—the disputed envelope—from Plaintiff containing two checks that covered the subject properties and one additional account.  Both checks were dated November 14, 2023.  (Ptf's Ltr at 1, 6, 8; Def's Ex A at 1.)  Plaintiff did not dispute that two checks were mailed in one envelope.  Larson testified that the handwriting on the disputed envelope is hers.  The handwritten note reads, in

---

[1] Plaintiff states the disputed envelope has "a hard to read postmark date that appear[s] to show a postmark of November 23rd."  (Ptf's Ltr at 1, Sept 17, 2024.)  Defendant reads the postmark as November 27, 2023.  (*See* Def's Ex B at 1.)

full, "Tillamook Lodging/Ashley Inn Receipt 405177 & 405178." (Def's Ex A at 2.) Larson testified that the photographs of the disputed envelope and check were not taken at the time the checks were received, but rather "after the fact" to show how the envelope and check fit together.

Larson described the general process Defendant follows when receiving payments through the mail: Defendant scans the checks, as required by statute, does not scan the envelope but keeps the physical copy, and writes the account owner and number or other identifying information on the envelope. Defendant processes late payments in the same manner as all other payments but with one more step: Defendant files the envelope in a box specifically for late payment envelopes. Larson testified that she personally processed Plaintiff's payment and wrote the identifying information on the envelope.

Defendant provided two Receipts for Payment for the subject properties, with receipt numbers 405177 and 405178. (Def's Ex B at 1-2.) Both receipts list a "Payment Date" of November 30, 2023, an "As Of Date" of November 27, 2023, a "Cashier" of "KLARSON," and "Comments" noting, among other things, a postmark of November 27, 2023, associated loss of discount, and a concluding notation of "KL." (*Id.*) Wilson asked whether Defendant's "chain of custody" had a lot of breaks in it. Larson responded that it did not, explaining that she is "very diligent about late payments" and she follows an "orderly" business practice to process checks.

On December 19, 2023, Wilson emailed Larson to request waiver of the late payment penalty. (Ptf's Ltr at 15-17, Sept 17, 2024.) On December 20, 2023, Larson responded, providing the county's official policy on proof of mailing:

> "Postmark dates are the preferred proof of mailing. Postmark dates are
> conclusive unless the taxpayer can support a claim of earlier mailing with
> corroborating evidence. Taxpayer may support a claim of timely mailing by
> presenting a postal receipt, letter from the post office, or parcel delivery service,
> or other credible corroborating evidence. A taxpayer's uncorroborated assertion
> of timely mailing is not satisfactory proof of mailing."

(*Id.* at 15; Def's Ex C at 1-2.) Larson wrote that she was "unable to waive the fee as there is no credible evidence the payment was timely. Date of the check and historical timely payments are not considered evidence." (Ptf's Ltr at 15, Sept 17, 2024.)

## II. ANALYSIS

This issue presented is whether Defendant's denial to Plaintiff of the three percent discount for early payment of 2023-24 property taxes was improper.[2] Plaintiff offers two theories for why it should receive the discount, and the court addresses each in turn. Plaintiff first asserts that Defendant provided no proof that the disputed envelope is the one Plaintiff used to send its payments, and, as such, the November 27, 2023, postmark is improperly attributed to Plaintiff's payment. (*See* Ptf's Ltr at 1, 5, Sept 17, 2024.) Second, Plaintiff asserts that Defendant's late policy, as applied to Plaintiff in this case, constitutes an abuse of discretion. Defendant's policy presents a path that "is not realistic nor viable" with respect to the postal service and ignores nearly 20 years of Plaintiff's timely payments as well as Plaintiff's ledger showing the check was issued on November 14, 2023. (*See id.* at 3.)

A.    *Disputed Envelope*

The court begins by addressing Plaintiff's claim that there is insufficient evidence that the disputed envelope is Plaintiff's. In this court, "a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief[.]" ORS 305.427.[3] "Preponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Rev.*, 4 OTR 302, 312 (1971). It asks whether

_____

[2] "[T]he first one-third" of property taxes are due by November 15. ORS 311.505(1)(a). Payment of the full amount due on or before November 15 qualifies for a three percent discount. ORS 311.505(3)(b).

[3] The court's references to the Oregon Revised Statutes (ORS) are to the 2021 edition.

a fact is "more likely than not." *See Bleasdell v. Dept. of Rev.*, 18 OTR-MD 354, 357 (2004). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof[.]" *Reed v. Dept. of Rev.*, 310 Or 260, 265, 798 P2d 235 (1990).

Here, the burden of proof falls on Plaintiff as the party seeking affirmative relief. Plaintiff provided minimal evidence that the disputed envelope is not the one it used to mail its tax payment for the subject properties. Plaintiff alleges that Wilson deposited its checks in the mail on November 14, 2023, and supports this with evidence establishing the check date. Plaintiff also offers evidence supporting a history of timely tax payments. However, that evidence does not concern the *envelope* at issue. The only fact Plaintiff alleges regarding the disputed envelope is that there is no indication it was Plaintiff's, except for the handwritten note. Beyond this bare assertion, Plaintiff offers no evidence that the disputed envelope came from somewhere else.

Defendant, on the other hand, offers evidence supporting its position that the disputed envelope is the one that contained Plaintiff's tax payments. Larson testified the handwriting on the envelope is hers and explained the purpose of writing it. She provided details about Defendant's standard process for receiving payments by mail: opening envelopes, scanning checks, generating receipts, and marking the envelope with account or receipt numbers. She also testified about an additional step in the process when payments arrive in envelopes postmarked after the deadline: Defendant files those envelopes in a box specifically designated for retaining that kind of envelope.

The disputed envelope bears receipt numbers 405177 and 405178. Defendant produced receipts bearing the same numbers, which list Plaintiff as payor. The receipts also corroborate details from Larson's testimony about how she processed Plaintiff's payment. For example, the

"Payment Date," "As Of Date," "Cashier," and "Comments" noting the postmark of November 27, 2023, and loss of discount all corroborate Larson's testimony. Finally, Defendant offered visual evidence that one of Plaintiff's two checks fit inside the disputed envelope such that the mailing address and return address align with the disputed envelope's windows.

After considering all the evidence presented, the court finds it more likely than not that the disputed envelope is the one Plaintiff used to mail its tax payments. Because no party disputes that this envelope was postmarked after the November 15 due date, the court further finds that Plaintiff's payments arrived with a late postmark.

B.      *Defendant's Policy Regarding Late Payments or Late Postmarks*

Having decided the disputed envelope more likely than not contained Plaintiff's tax payments, the court proceeds to the legal issue of whether Defendant's policy regarding late payments or late postmarks, as applied to Plaintiff, constitutes an abuse of discretion. Any remittance required by law to be filed with a county assessor or tax collector sent by United States mail "shall be deemed filed or received on the date shown by the cancellation mark or other record of transmittal, or on the date it was mailed or deposited *if proof satisfactory to the addressee* establishes that the actual mailing or deposit occurred on an earlier date." ORS 305.820(1)(a) (emphasis added). "In using the terms 'satisfactory to the addressee,' the legislature conferred broad discretion upon individual tax collectors." *Jackson County Tax Collector v. Dept. of Rev.*, 12 OTR 498, 500 (1993). "Requiring some corroborating evidence is not an abuse of discretion. It would be an abuse of discretion if [a county tax collector] refused to consider *any* evidence other than the post-office cancellation mark stamped upon the envelope." *Id.* (emphasis added).

/ / /

When reviewing for abuse of discretion, the tax court is limited to determining whether an agency "acted capriciously or arrived at a conclusion which was clearly wrong." *Martin Bros. Container & Timber Products Corp. v. State Tax Comm'n.*, 252 Or 331, 338, 449 P2d 430 (1969). When a county considers evidence other than the postmark date and finds that evidence unsatisfactory, this court is not compelled to find that a county abused its discretion. *See Schytz v. Yamhill County Assessor*, TC-MD 230373N, 2024 WL 372124 at *3 (Or Tax M Div, Feb 1, 2024) (citing to cases that determined a county did not abuse its discretion "when it considered taxpayer's evidence of an earlier mailing date * * * and found it insufficient to overcome the postmark date.") When reviewing for an abuse of discretion, the court "will not substitute its judgment for the judgment of the agency." *Kaufman v. Dept. of Rev.*, 20 OTR 159, 162 (2010).

Here, Defendant's policy explicitly permits evidence other than a postmark to support timely mailing: a postal receipt, a letter from the post office, or "other credible corroborating evidence." Under *Jackson*, this policy does not foreclose the exercise of discretion because Defendant accepts evidence other than postmarks. Plaintiff offered its long history of timely payment, the check date, and Wilson's sworn testimony that he mailed payments on time as other evidence. Whether the court finds this evidence credible is immaterial under Oregon law; what matters is whether Defendant is satisfied by the evidence. Here, it is not. In declining to accept certain types of corroborating evidence as credible, Defendant is exercising its discretion. The court sees no reason to conclude that Defendant's action was clearly wrong or capricious. Although the court has no reason to doubt the truth of Plaintiff's other evidence, under the law, this court cannot substitute its own judgment for Defendant's. The court finds that Defendant's policy, as applied to Plaintiff, does not constitute an abuse of discretion.

/ / /

### III. CONCLUSION

Upon careful consideration, the court finds that the disputed envelope contained Plaintiff's tax payment, that the envelope was postmarked after the deadline for the early payment discount, and that Defendant's policy regarding late payments and late postmarks, as applied to Plaintiff, does not constitute an abuse of discretion. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

_____
ALLISON R. BOOMER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Presiding Magistrate Allison R. Boomer and entered on June 18, 2025.*